## SPITZNAUGLE v GREEN

Ohio Appeals, 6th Dist, Lucas Co
No 2261. Decided Feb. 17, 1930

Miller, Brady & Yager, Toledo, for Spitznaugle.

E. C. Froelich, Toledo, for Green.

WILLIAMS, J.

We find from the evidence that this contract was modified by new agreements made from time to time, by which changes were made and extra material and work were put into the construction of the house, so that it cost considerably in excess of $12,600.00. Both Spitznaugle and Green participated in the supervision of the work and consulted together from time to time and we have no trouble in reaching the conclusion that the arrangement between them amounted to a joint adventure and that, as joint adventurers, they were liable for indebtedness incurred by the authorized acts of either in carrying forward such joint adventure. The general rule is that each joint adventurer has power to bind the other in undertakings which are strictly within the scope of the joint enterprise. ^J R. C. L. 555, Sec. 7.

Where there is an agreement for the sharing of profits, but no agreement whatever exists as to the sharing of losses, the joint adventurers are bound to share them in the same proportion as profits, and an action for accounting will lie. 33 C. J., 865, Secs. 79, 80 and 81.

Applying these principles to the instant case, we hold that the plaintiff is entitled to an accounting but should not be allowed anything for repairing the furnace or putting in of cinders. As to the commission to be paid for the sale of the property, for which the plaintiff incurred a liability, no allowance will be made to the plaintiff for the reason that the sale was made by an agent in the office of the plaintiff and under his direction and control. What one does by agent he does himself. By the terms of the contract a party thereto was not entitled to a commission for making a sale. Plaintiff could not collect from the defendant any amount by way of commission paid to his own agent and employe.

We find that the plaintiff is entitled to an allowance of $2,000.00 for monies expended by him for extras, and the decree will be the same as that in the court of common pleas, except for said allowance.

Lloyd and Richards, JJ., concur.